IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 19-540 |
| | : | |
| ALEXIS BERMUDEZ | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                        September 30, 2024

Alexis Bermudez asks we reduce his sixty-four-month criminal sentence imposed in July 2020 for being a felon in possession of a firearm. He argues the Sentencing Commission recently advised we may retroactively consider a reduced sentence as the Sentencing Commission no longer assigns criminal history status points and Mr. Bermudez's total criminal history score of three now places him in a lower criminal history category. His total offense level of twenty-five and new criminal history category leads us to find his new guideline range is sixty-three to seventy-eight months. We are not aware of post-sentencing conduct suggesting Mr. Bermudez poses a danger to the community or to otherwise find grounds to increase the sentence beyond the lowest range of the guidelines. The United States does not oppose the Motion reducing the sentence to sixty-three months. We grant Mr. Bermudez's motion for reduction of sentence from sixty-four months to sixty-three months.

**I.   Background**

Our Grand Jury returned a single-count indictment against Mr. Bermudez charging him with possessing ammunition as a felon.[1] He pleaded guilty on January 23, 2020.[2]

The Probation Office calculated Mr. Bermudez's total offense level at twenty-five. Mr. Bermudez had two earlier adult convictions for aggravated assault leading to three criminal

history points. The Probation Office added two additional "status points" because the Commonwealth released Mr. Bermudez on parole in the aggravated assault cases when he committed this offense.[3] The Probation Office calculated a total criminal history score of five, which placed Mr. Bermudez in category III for his criminal history. The Probation Office calculated a guideline range of seventy to eighty-seven months. We adopted the guideline range in the Presentence Report but varied from the range after applying the section 3553(a) factors. We sentenced Mr. Bermudez to sixty-four months' imprisonment at the July 27, 2020 sentencing hearing.

**II.   Analysis**

Mr. Bermudez now *pro se* moves for a sentence reduction under section 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. The United States recognizes he is eligible for a reduction and does not object to a reduction to sixty-three months.

Mr. Bermudez seeks relief under the status point amendment to the Sentencing Guidelines. In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision in the new section 4A1.1(e). Unlike the Guidelines Manual in effect at the time of Mr. Bermudez's 2020 sentencing, the Sentencing Commission now assigns an individual who presents seven criminal history points or more only one "status" criminal history point and assigns an individual with six criminal history points or fewer none.

We liberally interpret Mr. Bermudez as pro se moving under section 3582(c)(2) through which Congress allows us to reduce terms of imprisonment where the applicable sentencing range has been lowered post-sentencing.[4] In section 1B1.10 of the Guidelines, the Sentencing Commission identifies amendments which may be applied retroactively. The Sentencing Commission made the version of section 1B1.10 applicable to Amendment 821 effective on

November 1, 2023. The Sentencing Commission instructs in Guidelines section 1B1.10: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[5] The Sentencing Commission further provides we "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."[6]

Our Supreme Court instructs on the two-step process for application of a retroactive guideline amendment.[7] We first look to section 1B1.10 to determine the incarcerated person's eligibility for a sentence reduction and the extent of the reduction authorized.[8] We then consider applicable section 3553(a) factors and determine whether the reduction is warranted under the particular circumstances presented by the defendant's conviction and risk of harm to the community.[9]

The Sentencing Commission applies this guidance and no longer assigns Mr. Bermudez criminal history status points. His total criminal history score of three now places him in criminal history category II. We continue to apply an offense level of twenty-five. His guideline range is now sixty-three to seventy-eight months.

We next apply the section 3553 factors. We are not aware of post-sentencing conduct suggesting Mr. Bermudez poses a danger to the community. We reduce Mr. Bermudez's sentence to the bottom of the amended range and resentence him sixty-three months.

3

### III.  Conclusion

Mr. Bermudez moves for a reduced sentence citing the Sentencing Commission's recently issued two-point criminal history score reduction amendment. Mr. Bermudez can seek relief under the new amendment and the United States does not oppose his Motion. We grant Mr. Bermudez's motion for reduction of sentence to sixty-three months.

---

[1] ECF 1.

[2] ECF 25, 26.

[3] Under the Guidelines Manual in effect at the time of sentencing, two "status points" were added to the score if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d).

[4] Congress provides:
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range which has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

[5] U.S.S.G. § 1B1.10(a)(1).

[6] *Id.* § 1B1.10(b)(2)(A).

[7] *Dillon v. United States*, 560 U.S. 817 (2010).

[8] *Id.* at 827.
> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. . . .

[9] *Id.*
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the

reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.